Israel **MUNIZ–TIJERO**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–75503.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Nadia Farah, Law Office of Nadia Farah, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM [**]

Israel Muniz–Tijero seeks review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying his application for cancellation of removal. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Muniz–Tijero's contentions that the IJ's factfinding was not supported by substantial evidence and the IJ employed an incorrect legal standard because Muniz–Tijero did not raise those issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

We also lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). Muniz–Tijero's contentions regarding the IJ's alleged failure to consider conditions in Mexico does not raise a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Finally, we reject Muniz–Tijero's challenges to the BIA's interpretation of the hardship standard. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.